**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

TRUSTEES OF THE N.E.C.A. – IBEW LOCAL )
176 HEALTH, WELFARE, PENSION, )
VACATION, AND TRAINING TRUST FUNDS, )
                                        )
       *Plaintiffs,*         )
                                          )
       v.                   )        Case No. 26-cv-8488
                                          )
ANCHOR ELECTRIC CORPORATION, )
an Illinois corporation, )
                                          )
                                          )
       *Defendant.*       )

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

NOW COMES Defendant, ANCHOR ELECTRIC CORPORATION, by and through its undersigned Counsel, Allocco, Miller & Cahill, P.C., for its Answer to the Complaint of Plaintiff, states as follows:

1.      (a)  Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

**ANSWER**: Defendant admits the allegations in Paragraph 1(a).

(b) Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where the Funds as described in Paragraph 2, are administered and 29 U.S.C. Section 185(c).

**ANSWER**: Defendant admits the allegations in Paragraph 1(b).

2.      (a) The Plaintiffs in this count are N.E.C.A. - IBEW LOCAL 176 HEALTH, WELFARE, PENSION, VACATION AND TRAINING TRUST FUNDS ("the Funds"), and have standing to sue pursuant to 29 U.S.C. 1132(a)(3).

1

**ANSWER**: Defendant admits the allegations in Paragraph 2(a).

(b) The Pension Fund, Welfare Fund and Vacation Fund (together called "the Funds") have been established pursuant to collective bargaining agreements heretofore entered into between the International Brotherhood of Electrical Workers Local 176 (the "Union") and certain employer associations whose members employ members of the Union.'

**ANSWER**: Defendant admits the allegations in Paragraph 2(b).

(c) The Funds are maintained and administered in this judicial district in accordance with and pursuant to the provisions of ERISA and the National Labor Relations Act, as amended, and other applicable state and federal laws, and also pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds which are adopted and incorporated by reference into the collective bargaining agreement.

**ANSWER**: Defendant admits the allegations in Paragraph 2(c).

3.      (a) ANCHOR ELECTRIC CORPORATION, an Illinois corporation (hereafter "ANCHOR"), employs employees represented by the Union and is bound to make contributions for hours and weeks worked by all employees and upon subcontractors who perform work which would otherwise be performed by employees.

**ANSWER**: Defendant admits the allegations in Paragraph 3(a).

(b) ANCHOR has its principal place of business in Illinois.

**ANSWER**: Defendant admits the allegations in Paragraph 3(b).

(c) ANCHOR is an employer engaged in an industry affecting commerce.

**ANSWER**: Defendant admits the allegations in Paragraph 3(c).

4.      Since on or about January 13, 1992, Defendant, ANCHOR, executed a LETTER OF ASSENT, a copy of which is attached hereto, which authorized the Eastern

2

Illinois Chapter, National Electrical Contractor's Association, Inc. (hereafter "NECA") as ANCHOR's collective bargaining representative for all matters contained in or pertaining to the collective bargaining agreement then in force, and thereafter, between NECA and the Union.

**ANSWER**: Defendant admits the allegations in Paragraph 4.

5. Since before 1972, NECA, a multi-employer bargaining association authorized to negotiate and execute collective bargaining agreements on behalf of its members and authorizing employers, has entered into successive collective bargaining agreements with the Union on behalf of its members, including Defendant ANCHOR.

**ANSWER**: Defendant admits the allegations in Paragraph 5.

6. By virtue of certain provisions contained in the collective bargaining agreements and Declarations of Trust, Defendant has agreed to make :fringe benefit contributions on behalf of certain of its employees, calculated in relation to the gross wages of said employees, and when given reasonable notice by the Trustees of said Funds or the Trustees' representatives, has agreed to submit its books and records to an independent auditor to determine whether or not said Defendant is in compliance with its duties under ERISA, 29 U.S.C. §1132(g)(2)(A), the various collective bargaining agreements and the Declarations of Trust to which Defendant has assented.

**ANSWER**: Defendant admits the allegations in Paragraph 6.

7. In the event a delinquency is shown to be due and owing, Defendant has agreed to be liable for all costs, ten percent delinquency penalty and reasonable attorneys' fees.

**ANSWER**: Defendant admits the allegations in Paragraph 7.

8. Independent of said Declarations of Trust to which Defendant has assented,

3

Defendant is liable for costs pursuant to 29 U.S.C. §1132(g)(2)(E), a twenty percent penalty in liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C)(ii), attorneys' fees pursuant to 29 U.S.C. §1132(g)(2)(D), and prejudgment interest pursuant to 29 U.S.C. §1132(g)(2)(B).

**ANSWER**: Defendant admits the allegations in Paragraph 8.

9.      Since October 1, 2019, Defendant, ANCHOR, on information and belief, has admitted, acknowledged and ratified the collective bargaining agreements entered into between NECA and the Union by the filing of periodic report forms with the Funds and by its making some but not all of the periodic payments to the Funds as required by such agreements.

**ANSWER**: Defendant denies it made some but not all payments to the Funds and admits the remaining allegations in Paragraph 9.

10.      Plaintiffs are advised and believe that since on or about October 1, 2019, Defendant ANCHOR, has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreements by which it was bound, all in violation of its contractual obligations and its obligations under the applicable state and federal statutes.

**ANSWER**: Defendant denies the allegations in Paragraph 10.

11.      Plaintiffs have made demand for an audit to be performed on Defendant ANCHOR's complete books and records for the period from January 1, 2020 forward, but Defendant has failed and refused to produce all the required records.

**ANSWER**: Defendant denies it failed and refused to produce all the required records and admits the remaining allegations in Paragraph 11.

12.      By virtue of the foregoing, Plaintiffs and Defendant's employees on whose behalf Plaintiffs are acting as fiduciaries have been damaged in an amount yet to be

determined.

**ANSWER**: Defendant denies the allegations in Paragraph 12.

Dated: August 12, 2026     Respectfully submitted,

         **ANCHOR ELECTRIC CORPORATION**

        By: /s/ Todd A. Miller
         Attorney for Defendant

Todd A. Miller (ARDC #6216561)
Kathleen M. Cahill (ARDC #6269486)
**Allocco, Miller, & Cahill P.C.**
*Attorney for Defendant*
20 North Wacker Drive, Suite 3517
Chicago, IL 60606
Telephone: (312) 675-4325
Fax: (312) 675-4326
tam@alloccomiller.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on today's date, **August 12, 2026**, he electronically filed the attached, **Defendant's Answer to Plaintiff's Complaint**, with the Clerk of the Court using the CM/ECF system which will send notice of such filings to the following:

Attorneys for Plaintiffs:

Paul M. Egan
ARNOLD AND KADJAN, LLP
35 E. Wacker Dr., Suite 600
Chicago, IL 60601
(312) 236-0415

/s/ Todd A. Miller

Attorneys for Defendant:

Todd A. Miller (ARDC #6216561)
Kathleen M. Cahill (ARDC #6269486)
**Allocco, Miller, & Cahill P.C.**
*Attorney for Defendant*
20 North Wacker Drive, Suite 3517
Chicago, IL 60606
Telephone: (312) 675-4325
Fax: (312) 675-4326
tam@alloccomiller.com